

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 15, 1947

Hon. C. H. Cavness
The State Auditor
Austin, Texas

Dear Sir:

Opinion No. V-143

Re: Transfer of an anonymous
debt payment from the Ex-
ecutive Department Sus-
pense to the General Rev-
enue Fund.

In your letter of March 24, 1947, you ask the advice of this department as to the disposition that should be made of $504.00 which has been in the Executive Department Suspense Account since September 12, 1939.

The facts, briefly summarized from the information furnished, seem to be:

This sum of money in currency was received by the Governor with an anonymous letter from the sender that it represented the payment of a <u>debt owing by him to the State of Texas</u>. (Emphasis supplied.) It was then determined in conference with a representative of the Attorney General's Office, the State Auditor's Office, and the State Treasurer, to place the money in suspense awaiting further information. There it has remained for more than seven years without any additional information.

The only question necessary for us to determine is, does this money really belong to the State? If it does, then we have no difficulty in arriving at a legal solution which is simple and practical.

The only evidences available to us as to the character of the fund is furnished by the anonymous sender. He said it was in payment of a debt he owed the State, and in his use of this language we are justified in assuming that he meant a definite monetary obligation, as distinguished from a gift or donation. This would be the ordinary import of this language, and

especially when accompanied by a sum of money to discharge the debt. It is some evidence that the sender was not making a voluntary gift or donation to the State, for it is hardly probable, had this been his purpose, he would have sent $504.00 instead of $500.00. We therefore rule out the possibility that the sender intended to make a voluntary gift or donation to the State merely to gratify a sense of obligation for some undisclosed act of kindness that he may at some time have received from some agency or individual representing the State.

Whether this money represents a payment of funds that may have been at some time illegally exacted from the State by the sender or the payment of a mere civil obligation, such as past due taxes, makes no difference. In either event, the money would belong to the State, if we accept the statement of the sender as true, and we know of no reason why we should not.

Having concluded, as we have, that this money belongs to the State, the only other question we need determine is, to what fund should it be credited. Article 4388, V. C. S., provides in part as follows:

"As soon as the status of money so placed with the Treasurer on a deposit receipt is determined, it shall be transferred from the suspense account by placing the portion of it belonging to the State in the Treasury by the issuance of a deposit warrant, and the part found not to belong to the State shall be refunded."

We think a proper construction of the foregoing provision of Article 4388, as to the meaning of "the status of the money" is whether it is State money or subject to be refunded, as it should be if it does not belong to the State. We believe a careful examination of Daniel v. Richcreek, 118 S. W. (2d) 936 (Austin C. C. A.), confirms this construction. From it we quote:

"The fund was placed in the 'suspension account' of the Treasury by state officials acting under Art. 4388, and can only be drawn out of said account when and in the manner prescribed by said Article, -- that is: 'as soon as the status

of money so placed * * * is determined, 'when it shall be transferred, if belonging to the state, by deposit in the Treasury, and if found not to belong to the state to be 'refunded.' In either case the method is by warrant signed by the Comptroller and countersigned by the Treasurer. The Article is explicit in requiring the 'transfer' to be made 'as soon as' which necessarily implies 'not before' the 'status' of the money is 'determined.' Clearly the word 'status' includes every essential fact to its proper disposition, from the viewpoint of the Treasurer, its then custodian. If it should belong to the state it must be deposited in the Treasury by means of a 'deposit warrant.' If it does not belong to the state, it must be 'refunded' by means of a 'refund warrant.' Ascertainment of the 'status' of the money involves determination of the proper payee of such 'refund warrant.' Ordinarily 'refund' means to pay back, thus implying that the payment is to be made to the party from whom received. Such party was the Racing Commission, concededly now defunct. Independently of this fact, we think, contextually, the prescribed 'refund' means to the party legally entitled to demand and receive it from the Treasurer.

"(4) Under the Article no right to demand the money from the Treasurer could properly be asserted until its 'status' is 'determined.' There can be no serious question but that 'determined' in the sense of the Article means judicially determined. In any event, such is its necessary meaning where the Treasurer and Comptroller, each of whom must act to effectuate a transfer of the money, do not voluntarily assume the responsibility of making such determination. To compel their action a judicial proceeding is essential, and this means a plenary and not a mere interlocutory proceeding."

The Comptroller and the State Treasurer, especially after this long lapse of time, may now determine that this is State money and transfer it from

Hon. C. H. Cavness, Page 4, V-143

suspense as provided in Article 4386, V. C. S.

In the absence of any knowledge as to the original source of this money, it should be placed to the credit of the General Fund.

### SUMMARY

The Comptroller and State Treasurer are authorized to transfer from Suspense to the General Fund money received from an anonymous sender in payment of a debt he asserted he owed the State. Under the circumstances, it became State money and subject to be transferred as provided in Article 4386. Daniel v. Richcreek, 118 S. W. (2d) 935.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By          L. P. Lollar
                 Assistant

APPROVED APR. 15, 1947

ATTORNEY GENERAL

LPL:sl:dr:mrj